**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

KATHALEEN ST. J. MCCORMICK
CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

May 29, 2026

Kaan Ekiner
COZEN O'CONNOR
1201 North Market Street, Suite 1001
Wilmington, DE 19801

Gary W. Lipkin
Devan A. McCarrie
FLASTER GREENBERG P.C.
221 W 10th St, 4th Floor
Wilmington, DE 19801

> Re: *LawIQ, Inc.d/b/a ARBO v. Terrance MacGregor*,
> C.A. No. 2023-0742-KSJM

Dear Counsel:

Plaintiff and Counterclaim Defendant LawIQ, Inc. d/b/a ARBO ("LawIQ" or the "Company") and Counterclaim and Third-Party Defendant Charles Moldenhauer (together with LawIQ, "Counterclaim Defendants") have moved for leave to file a motion for summary judgment.[1] The motion is denied.

The court assumes readers' familiarity with this action and refers to the court's bench ruling dated July 24, 2024 for a fuller recitation of the issues and procedural history.[2] To briefly summarize, Moldenhauer and Counterclaim Plaintiff Terrance MacGregor formed LawIQ, LLC in September 2014, with Moldenhauer and other investors owning 55% of the equity and MacGregor owning 35%.[3] In February 2019, LawIQ, LLC converted from a Delaware LLC to a Delaware corporation through a

---

[1] C.A. No. 2023-0742-KSJM, Docket ("Dkt.") 85.

[2] Dkt. 31 ("Bench Ruling Tr.").

[3] Dkt. 3 ("Countercl.") ¶ 19.

"Plan of Conversion" and became LawIQ, Inc.[4]  As part of the conversion, MacGregor and the Company executed a "Restricted Stock Agreement."[5]  The Restricted Stock Agreement granted the Company a "Reacquisition Right" to MacGregor's shares if he was terminated.[6]

Beginning in December 2020, Moldenhauer made offers to purchase MacGregor's shares.  MacGregor rejected those offers.  Then, in February 2023, Moldenhauer used his voting power as controller to terminate MacGregor from his directorship and other positions at the Company by written consent,[7] which triggered the Company's Reacquisition Right under the Restricted Stock Agreement.  Moldenhauer further caused the Company to exercise that right.[8]  MacGregor responded by letter on April 8, 2023, contesting the validity of the Restricted Stock Agreement and the Company's exercise of the Reacquisition Right.[9]

On July 20, 2023, LawIQ filed a single-count complaint seeking a declaration that the Restricted Stock Agreement is valid.[10]  MacGregor asserted two counterclaims, which he amended on September 5, 2023.[11]  In Counterclaim I,

---

[4] Dkt. 1 (Compl.), Ex. C (Plan of Conversion) at 1.

[5] Countercl., Ex. A (Restricted Stock Agreement).

[6] *Id.* § 2.

[7] Countercl., Ex. B (Reacquisition Letter), Ex. A (Written Consent).

[8] Reacquisition Letter.

[9] Countercl., Ex. C.

[10] Dkt. 1.

[11] Countercl.

MacGregor sought a mirror-image declaratory judgment that the Restricted Stock Agreement is invalid. In Counterclaim II, MacGregor asserts a direct claim for breach of fiduciary duty against Moldenhauer. He claims that Moldenhauer breached his fiduciary duties as a director and controlling stockholder of LawIQ by removing MacGregor from the Company without cause to avoid paying MacGregor fair market value for his shares.[12]

Counterclaim Defendants filed a motion to dismiss the counterclaims on October 12, 2023. The court dismissed Counterclaim I, finding that the Restricted Stock Agreement was valid.[13] The court denied the motion as to Counterclaim II, finding that "it is reasonably conceivable that Moldenhauer took [] actions to eliminate the minority stockholder at an unfair price in bad faith."[14]

Counterclaim Defendants moved for leave to seek summary judgment on April 10, 2026.[15] They argue that MacGregor seeks an end-run around the Restricted Stock Agreement by claiming that Moldenhauer breached his fiduciary duties by causing the Company to exercise the Reacquisition Right.[16] Such claims, they say, are barred by the Supreme Court's ruling in *Nemec v. Shrader*, which stated that "fiduciary claims arising out of the same facts that underlie [] contract obligations [are]

---

[12] *Id.* ¶ 48.

[13] Bench Ruling Tr. at 8:7–13.

[14] *Id.* at 10:20–22.

[15] Dkt. 85.

[16] *Id.* at 3–4.

foreclosed as superfluous."[17]  Counterclaim Defendants also claim that the record is "undisputed" as to Moldenhauer's motivations for terminating MacGregor and that Moldenhauer is entitled to a presumption of good faith that MacGregor fails to rebut.[18]

"There is no right to a summary judgment."[19]  "Even where the facts are not in dispute, a court may decline to grant summary judgment where a more thorough exploration of the facts is needed to properly apply the law to the circumstances."[20] "When an ultimate fact to be determined is one of motive, intention or other subjective matter, summary judgment is ordinarily inappropriate."[21]  The court may "decline to decide the merits of the case in a summary adjudication where it is not reasonably certain that there is no triable issue."[22]  Motions for summary judgment require a

---

[17] 991 A.2d 1120, 1129 (Del. 2010).

[18] Dkt. 85 at 5.

[19] *Stone & Paper Invs., LLC v. Blanch*, 2020 WL 6373167, at *1 (Del. Ch. Oct. 30, 2020) (internal quotation marks omitted) (quoting *Telxon Corp. v. Meyerson*, 802 A.2d 257, 262 (Del. 2002)).

[20] *In re Tri-Star Pictures, Inc., Litig.*, 1995 WL 106520, at *5 (Del. Ch. Mar. 9, 1995); *see also In re El Paso Pipeline P'rs, L.P. Deriv. Litig.*, 2014 WL 2768782, at *9 (Del. Ch. June 12, 2014) ("[T]he court may, in its discretion, deny summary judgment if it decides upon a preliminary examination of the facts presented that it is desirable to inquire into and develop the facts more thoroughly at trial in order to clarify the law or its application.").

[21] *Cont'l Oil Co. v. Pauley Petroleum, Inc.*, 251 A.2d 824, 826 (Del. 1969); *see also Amirsaleh v. Bd. of Trade of City of N.Y., Inc.*, 2009 WL 3756700, at *4 (Del. Ch. Nov. 9, 2009).

[22] *Unbound P'rs Ltd. P'ship v. Invoy Hldgs. Inc.*, 251 A.3d 1016, 1024 (Del. Super. 2021) (internal quotation marks omitted) (quoting *Parexel Int'l (IRL) Ltd. v. Xynomic*

court to dive deeply into a paper record without the benefit of live witnesses explaining the significance of that record. They require a tremendous investment of judicial resources.

There are no good reasons to permit a motion for summary judgment here. Fiduciary-breach claims "only require[] dismissal where a fiduciary duty claim wholly overlaps with a concurrent breach of contract claim."[23] It seems unlikely that the claims are wholly overlapping here, given that MacGregor's counterclaim centers on Moldenhauer's conduct surrounding the exercise of the Reacquisition Right and his motivations for doing so.[24] Moreover, questions as to Moldenhauer's motivations are disputed, factually rife, and cannot be resolved based on the sparse set of materials cited by Counterclaim Defendants. It is not reasonably certain that there is no triable issue. The motion for leave to move for summary judgment is denied.

IT IS SO ORDERED.

Sincerely,

/s/ Kathaleen St. J. McCormick

Chancellor

cc: All counsel of record (by *File & ServeXpress*)

---

*Pharms., Inc.*, 2020 WL 5202083, at *4 (Del. Super. Sep. 1, 2020)) (interpreting a parallel rule of the Delaware Superior Court).

[23] *Bäcker v. Palisades Growth Cap. II, L.P.*, 246 A.3d 81, 109 (Del. 2021).

[24] *See* Countercl. ¶¶ 28–29, 48–49.